UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK KASE AND JUDY KASE )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>CREDITORS INTERCHANGE RECEIVABLE )<br>MANAGEMENT, L.L.C. AND JOHN GRASSY)<br>AKA JONATHAN GRASSY )<br>)<br>Defendants. )<br>) | Civil Action<br><br>Number 08-3854<br>SEC.<br><br>SECT. N MAG. 3 |

### COMPLAINT

#### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.(hereinafter "FDCPA") and under the Louisiana Codes, Statutes and laws, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

#### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C.§ 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1

### III. PARTIES

3. Plaintiffs, JACK KASE and JUDY KASE, are natural persons residing in Metairie, Louisiana.

Defendant, Creditors Interchange Receivables Management, L.L.C. is a foreign limited liability company engaged in the business of collecting debts in this state with its principal place of business at 80 Holtz Drive, Cheektowaga, New York 14225. The principal purpose of Creditors Interchange Receivables Management, L.L.C. is the collection of debts using the mails and telephone. Upon belief and understanding, Defendant, Creditors Interchange Receivables Management, L.L.C., also regularly attempts to collect debts purchased while in default.

Defendant, John Grassy aka Jonathan Grassy (hereafter "John Grassy"), is a natural person employed by Defendant, Creditors Interchange Receivables Management, L.L.C., as a collector at all times relevant to this complaint.

### IV. FACTUAL ALLEGATIONS

4. On Friday, June 29, 2007, Defendant, John Grassy, while employed as a collector by Defendant, Creditors Interchange Receivables Management, L.L.C., contacted plaintiff, Jack Kase, on his cell phone and left a message

informing him that a "claim" was being filed with the Jefferson County clerk with the name and social security number of both Jack Kase and his wife, Judy Kase, said claim directly affecting their property at 4671 Taft Park, in Metairie, Louisiana. The message further stated that the claim would be filed on Monday morning if Jack Kase did not contact Mr. Grassy at Creditors Interchange Receivables Management, L.L.C. to make arrangements to pay the alleged indebtedness. Upon belief and understanding, said collector was not an attorney, no lawsuit had been filed to collect the alleged debt, and no legal right existed to file any claim and / or property claim and / or seizure and / or lien with the Jefferson Parish Clerk of Court.

5. Upon belief and understanding, the defendants, Creditors Interchange Receivables Management, L.L.C. and John Grassy, were attempting to collect an out of statute debt allegedly owed at one time to Bank of America. Plaintiffs, through undersigned counsel, sent a letter by facsimile dated July 9, 2007 to Defendants disputing the validity of the debt and requesting debt verification pursuant to the "FDCPA". The Defendants failed to respond to this letter and failed to verify the alleged debt.

6. The Defendants attempted to collect a debt that was not legally enforceable and an alleged debt that was

3

beyond the statute of limitations and not legally enforceable and / or subject to legal action.

7. Upon belief and understanding, Defendants reported this alleged debt to one or more credit reporting agencies or credit bureaus without sufficient information and documentation to verify the alleged debt.

8. Upon belief and understanding, Defendants made repeated inquiries with one or more credit reporting agencies and / or credit bureaus, causing damage to Plaintiffs' credit.

9. The alleged debt arose out of transactions primarily for personal, family or household purposes. As a result of the Defendants' actions set forth above, Plaintiffs have each suffered embarrassment, mental anguish and impaired credit.

## V. FIRST CLAIM FOR RELIEF

10. Plaintiffs repeat, allege and incorporate by reference paragraphs one through nine above.

11. Defendants, Creditors Interchange Receivables Management, L.L.C. and John Grassy, at all times relevant to this Complaint, were "debt collectors" under 15 U.S.C. § 1692a(6)(G).

4

12. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

(b) The Defendants violated 15 U.S.C. § 1692e by making false, deceptive and misleading representations about the character, amount, legal status of the debt and insinuation that the collector was an attorney.

(c) Upon belief and understanding, the Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiffs with a proper and adequate mandatory VALIDATION NOTICE.

13. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## VI.   SECOND CLAIM FOR RELIEF

14. Plaintiffs repeat, allege and incorporate by reference paragraphs one through thirteen above.

15. Defendants violated Louisiana law. Defendants' violations of Louisiana law include, but are not limited to, the following:

(a) The Defendants actions in attempting to collect this debt constitute "the unauthorized practice of law" in violation of La. R.S. 37:211, <u>et seq.</u>,

(b) The defendants are liable to Plaintiffs under LSA-C.C. Art. § 1953 et seq., 2315, 2316, 2317, 2320 and 2324 As a result of Defendants' actions, including but not limited to the following: misrepresenting and threatening claims, seizure and / or lien proceedings when no lawsuit was filed; damaging Plaintiffs' reputation; reporting the alleged debt to one or several credit reporting agencies and / or credit bureaus without verification of the debt; inflicting emotional distress and harassing the Plaintiff; utilizing improper investigative methods to obtain personal and confidential information about Plaintiffs.

16. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

17. As a result of the above violations of Louisiana law, the Defendants are liable jointly and in solido to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, jointly and in solido in the amount of:

(a)  actual damages;

(b)  statutory damages pursuant to 15 U.S.C. § 1692k;

(c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and state law;

(d)  statutory damages pursuant to La. R.S. 37:211, <u>et seq</u>.

(e)  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

RESPECTFULLY SUBMITTED:

_____
STEVEN T. RICHARD
LA. BAR #1560
148 N. Telemachus Street
New Orleans, LA  70119
Telephone       (504) 484-3000
Facsimile:      (504) 484-3033